# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SANDRA GARCIA,

    Plaintiff,

v.                                                                           Civ. No. 19-510 GBW

ANDREW SAUL,
*Commissioner of the Social
Security Administration*,

    Defendant.

## ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B)

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees Purs[u]ant to 42 USC 406(b). *Doc. 34*. Plaintiff seeks attorney fees pursuant to the Social Security Act, § 206(b), 42 U.S.C. § 406(b), following an award of past-due benefits by the Social Security Administration ("SSA"). The SSA takes no position on Plaintiff's request. *Id.* at 7. Having reviewed the briefing and being otherwise fully advised in the premises, the Court finds the motion well-taken and GRANTS it in part.

### I.   BACKGROUND

On July 8, 2014, Plaintiff filed an initial application for Social Security Disability Insurance ("SSDI"), alleging disability beginning March 31, 2014. Administrative Record ("AR") at 71. After a hearing on February 28, 2017, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. AR at 11–23. Plaintiff filed suit in

federal court seeking reversal and remand of the ALJ's decision.  AR at 816.  On October 2, 2018, the court granted remand.  AR at 816–24.  No attorney fees were awarded in that case.  *See Garcia v. Berryhill*, No. 17-cv-1031-SMV, Doc. 38 (D.N.M. Dec. 7, 2018).

On February 27, 2019, a new hearing was held before a different ALJ.  AR at 724–83.  The second ALJ issued an unfavorable decision on March 29, 2019.  AR at 668–89.  Plaintiff filed suit in this Court on June 4, 2019, seeking reversal and remand of the second ALJ's decision.  *Doc. 1*.  Plaintiff's Motion to Remand was fully briefed on August 20, 2020.  *Doc. 29*.  On September 30, 2020, this Court granted remand, finding that the ALJ had failed to consider substantial evidence in the record bearing on the determination of Plaintiff's residual functional capacity.  *Doc. 30*.  After remand was granted, Plaintiff moved for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  *Doc. 32*.  The Court awarded $5,000.00 in EAJA fees.  *Doc. 33*.

On remand, the second ALJ conducted another review of the record and made a fully favorable decision, finding that Plaintiff has been disabled since March 31, 2014.  *Doc. 34-1*.  On June 15, 2021, Plaintiff received a Notice of Award with past-due benefits totaling $109,295.00.  *Doc. 34-2* at 6.  The SSA withheld $29,823.75 from Plaintiff's past-due benefits for payment of attorney's fees.  *Id*.  On June 29, 2021, Plaintiff filed the present motion, asking this Court to award Plaintiff's attorney, Benjamin Eilers Decker, a fee of $29,823.75.  *Doc. 34*.

2

## II. STANDARD OF REVIEW

Attorneys representing Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406.[1]  Fees pursuant to 42 U.S.C. § 406 are awarded upon a claimant's receipt of past-due benefits.  *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  Fees for representation at administrative proceedings are governed by § 406(a), while § 406(b) governs fees for representation in court.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).  "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court."  *McGraw*, 450 F.3d at 498.

Under § 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee" for the attorney who represented that claimant before the court, provided that the fee is "not in excess of 25 percent of the total of the past-due benefits" resulting from the judgment.  § 406(b)(1)(A); *see also Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)").

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements," noting that such agreements are "the primary means by which fees are set

---

[1] If an attorney receives awards under both EAJA and § 406(b), the attorney must refund the smaller award to the claimant.  *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

3

for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U. S. at 807. Instead, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808 (citations omitted). In making such a determination, a court may therefore consider factors such as (1) whether the representation was substandard, (2) whether the attorney was responsible for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case. *Id*.; *Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010) (unpublished).

### III.  ANALYSIS

The requested fee of $29,823.75 is 25% of $119,295.00, which is $10,000 more than the past-due benefits listed in Plaintiff's Notice of Award. Twenty-five percent of $109,295.00 is $27,323.75. Plaintiff's motion does not provide any explanation for this discrepancy. In acting as an independent check, the Court must reduce the amount of the requested award to $27,323.75 to ensure that Plaintiff's counsel does not receive more than the 25% permitted by both the statute and the fee agreement (*doc. 34-3*).

Turning to the *Gisbrecht* reasonableness factors, the Court finds that Mr. Decker's representation of Plaintiff was not substandard. He obtained a fully favorable outcome for Plaintiff, resulting in a finding of disability and an award of $109,295.00 in past-due benefits. And there is no evidence that Mr. Decker caused any unreasonable delay in the resolution of this case.

Mr. Decker asserts that he spent 69 hours representing Plaintiff in federal court, with 41.5 hours spent on the first appeal and 27.5 hours spent on the second appeal. *Doc. 34-4*. The Court notes that the issues raised differ substantially between the two appeals. Thus, it is reasonable that Mr. Decker spent significant time on both appeals. Furthermore, for the total hours billed, a fee of $27,323.75 equals an hourly rate of $396.00, which is modest in comparison to other § 406(b) fees awarded in this district. *See Quezada v. Saul*, 2019 WL 7293402, at *4 (D.N.M. Dec. 30, 2019) (unpublished) (citing cases awarding fees from $645 to $700 per hour). Additionally, the total fee falls within the range of fees awarded in similarly postured cases. *See J.B.W. v. Saul*, 2021 WL 2156416, at *2 (D. Kan. May 27, 2021) (unpublished) (awarding $35,908.25 for 78.65 hours across two appeals); *Marquez v. Astrue*, 2012 WL 13080139, at *1, 3 (D.N.M. June 7, 2012) (unpublished) (awarding $21,098.17 for approximately 51 hours across two appeals). In sum, a fee of $27,323.75 is proportionate to the time Mr. Decker reasonably spent on this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (*doc. 37*) is GRANTED IN PART. The Court hereby authorizes an award of **$27,323.75** in attorney fees, to be paid to Plaintiff's attorney by the SSA from the funds withheld for this purpose.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the fee of **$5,000.00** awarded under the EAJA pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**